**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00494-NYW

JDK LLC, a Colorado limited liability company,
DEBORAH KOLASSA,
JERRY KOLASSA, and
S. MARK SPOONE,

    Plaintiffs,

v.

RONALD K. HODGE,
GREGG K. HODGE,
PAUL A. TALBOT,
FRANK O. HOFMEISTER,
JAMES E. SYLVESTER,
MAX 1 FINANCIAL LLC, a Colorado limited liability company, and
BROOKE TALBOT,

    Defendants.

## ORDER ON MOTION FOR SUBSTITUTED SERVICE

Magistrate Judge Nina Y. Wang

    This civil action is before the court on Plaintiffs JDK LLC, Deborah Kolassa, Jerry Kolassa, and S. Mark Spoone's (collectively, "Plaintiffs") Motion for Substituted Service or Service of Process by U.S. Marshal ("Motion for Substituted Service"). [#40, filed May 12, 2015]. The matter was assigned to this Magistrate Judge pursuant to the Order Referring Case dated May 14, 2015 [#41] and memorandum dated the same day [#42]. The court has carefully considered the Motion, the exhibits, the entire case file, and the applicable law. For the reasons stated below, the Motion for Substituted Service is GRANTED.

## BACKGROUND

Plaintiffs filed the Complaint on March 9, 2015 alleging that Defendants Gregg K. Hodge, Paul A. Talbot, Frank O. Hofmeister, James E. Sylvester, Max 1 Financial LLC, and Brooke Talbot perpetuated a comprehensive and fraudulent scheme that defrauded Plaintiffs of millions of dollars pursuant to Civil Racketeer Influenced and Corrupt Organizations. Plaintiffs assert fraud and additional state law claims and request damages in the amount of $1,600,000, along with various equitable remedies. This Order concerns Paul A. Talbot ("Mr. Talbot") and Brooke Talbot ("Ms. Talbot") (collectively, the "Talbots").

Plaintiffs have been unable to personally serve the Talbots. Two process servers have provided affidavits attesting to two service attempts at the Talbots' residential address, two service attempts at the Talbots' business address, and one service attempt at the Talbots' "other" business address. [#40-1; #40-2 at ¶ 2]. The Talbots' full-time residence is barricaded by a gate and the manager for their known business refused to accept service. [#40-1]. Counsel for Plaintiffs, Mr. Meretta, attests that Lawrence Horwitz has represented the Talbots in settlement negotiations in this matter, though he claims to not directly represent the Talbots as individuals.[1] [#40-2 at ¶¶ 3, 4]. The Talbots have rejected Mr. Horwitz's efforts to arrange for their voluntary acceptance of service of process. [*Id.* at ¶ 5]. Finally, Mr. Meretta has attempted to communicate with the Talbots by sending electronic mail to addresses known to be operative, and he has not received a response. [*Id.* at ¶¶ 6, 7]. Mr. Meretta's position is that further attempts to achieve service under Fed. R. Civ. P. 4(e) via private process servers or the U.S.

---

[1] Mr. Horwitz represents a publicly-traded entity, General Payment Systems, Inc., on whose board Ms. Talbot purportedly serves. [#40-2 at ¶ 3].

Marshal Service would not prove successful, and he asks the court to authorize substituted service on the Talbots through certified mail. [*Id.* at ¶ 8].

## ANALYSIS

Federal Rule of Civil Procedure 4 provides:

(e) ... Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiffs have failed at effecting service pursuant to Rule 4(e)(2)(A) and (B).

Colorado is the forum state and allows substituted service upon motion by the party who has been unsuccessful effecting personal service. C.R.C.P. 4(f). The motion must be supported by an affidavit of the person attempting service and shall state:

(1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

*Id.* If the court is satisfied that the unsuccessful party has used due diligence to attempt personal service, that further attempts to obtain service would prove fruitless, and that "the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall":

> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

*Id.*

This court finds that Plaintiffs have used due diligence in attempting to serve the Talbots and that further attempts to effect in-hand service would likely be to no avail. The court cannot authorize substituted service on the Talbots in the form of certified mail, however, because this action does not concern "specific property or status or other proceedings in rem." C.R.C.P. 4(g). Nonetheless, this court finds that Mr. Horwitz is an appropriate person to serve under the circumstances and that Mr. Horwitz is reasonably suited to give—and in fact has already given—actual notice of service to the Talbots. Accordingly,

IT IS ORDERED that the Motion for Substituted Service is GRANTED:

1. Plaintiffs shall serve Lawrence Horwitz via personal in-hand service with the Summons and Complaint in this case along with a copy of this Order;

2. Plaintiffs shall mail a copy of the Summons and Complaint along with a copy of this Order to Paul A. Talbot and Brooke Talbot, individually, at 5335 North Mesa Drive, Castle Rock, Colorado 80108; and

3. Plaintiffs shall file proof of the foregoing with the court on or before **June 8, 2015**.

DATED: May 22, 2015

                                          BY THE COURT:

                                          s/Nina Y. Wang_____
                                          United States Magistrate Judge