**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00494-NYW

JDK LLC, a Colorado limited liability company,
DEBORAH KOLASSA,
JERRY KOLASSA, and
S. MARK SPOONE,

      Plaintiffs,

v.

RONALD K. HODGE,
GREGG K. HODGE,
PAUL A. TALBOT,
FRANK O. HOFMEISTER,
JAMES E. SYLVESTER,
MAX 1 FINANCIAL LLC, a Colorado limited liability company, and
BROOKE TALBOT,

      Defendants.

---

**ORDER ON MOTION FOR LEAVE TO AMEND**

---

Magistrate Judge Nina Y. Wang

This civil action is before the court on Plaintiffs JDK LLC, Deborah Kolassa, Jerry Kolassa, and S. Mark Spoone's (collectively, "Plaintiffs") Motion for Leave to File First Amended Complaint ("Motion to Amend"). [#76, filed August 17, 2015]. The matter was assigned to this Magistrate Judge pursuant to the Order Referring Case dated May 14, 2015 [#41] and memorandum dated August 18, 2015 [#77]. For the reasons stated below, the Motion to Amend is GRANTED.

## BACKGROUND

Plaintiffs filed the Complaint on March 9, 2015 alleging that Defendants Gregg K. Hodge, Paul A. Talbot, Frank O. Hofmeister, James E. Sylvester, Max 1 Financial LLC, and Brooke Talbot perpetuated a comprehensive and fraudulent scheme that defrauded Plaintiffs of millions of dollars pursuant to Civil Racketeer Influenced and Corrupt Organizations ("RICO"). Plaintiffs assert nine claims for relief for fraud, breach of fiduciary duties as to Paul Talbot, fraudulent inducement as to all Defendants other than Brook Talbot, violation of the Colorado Consumer Protection Act, civil theft/conversion, constructive trust, and accounting as to Max 1 Financial LLC and Paul and Brook Talbot (the "Talbots"), and request damages in the amount of $1,600,000, along with various equitable remedies. [#1].

On July 2, 2015, the undersigned entered a Scheduling Order providing that the Parties shall join parties and amend pleadings on or before August 17, 2015, complete discovery by January 8, 2016, file dispositive motions on or before February 8, 2016, and prepare for and attend a Final Pretrial Conference on April 8, 2016. [#65]. A trial in this matter has not yet been set.

In the instant Motion, filed on August 17, 2015, Plaintiffs seek to amend the Complaint to address the arguments raised in Defendant Frank Hofmeister's Motion to Dismiss [#19] and Defendants Talbots' Motion to Dismiss [#61], as to Plaintiffs' failure to plead their fraud and RICO claims with specificity. [#76 at 2].[1] Defendants Talbots, Max 1 Financial LLC, and Hofmeister ("Defendants") filed a Response on September 8, 2015, arguing that Plaintiffs

---

[1] The Motions to Dismiss are pending before the Honorable Philip A. Brimmer, the presiding judge in this matter.

needlessly delayed seeking amendment and that amendment is futile, in any event. [#78]. Plaintiffs did not file a reply in support of their Motion.

## ANALYSIS

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because Plaintiffs filed the Motion to Amend within the deadline for amending pleadings, this court considers only whether Plaintiffs have satisfied the Rule 15(a) standard. *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). *Cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,* 771 F.3d 1230, 1242 (10th Cir. 2014) (adopting two-prong analysis and considering whether both Rule 16(b)(4) and Rule 15(a) are satisfied when motion to amend is submitted after deadline included in scheduling order). Refusing leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Jefferson County Sch. Dist. No. R-1*, 175 F.3d at 859.

Whether to allow amendment, or to dismiss pursuant to a futility analysis, is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

*See also Frank*, 3 F.3d at 1365. The purpose of Rule 15(a) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir.2006) (*citing Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)). "If a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras,* No. 08–cv–02612–WYD–MEH, 2010 WL 6089079, at *3 (D.Colo. Oct. 6, 2010).

Defendants argue that Plaintiffs should not be allowed to amend their Complaint on the basis of futility because the proposed amendments fail to identify or plead "the who, what, and when surrounding the alleged fraud," predicate acts of mail or wire fraud, a pattern of racketeering activity, public impact, or that Defendants took possession of Plaintiffs' property. Defendants further argue that Plaintiffs committed undue delay when they opted to file a Response to Defendant Hofmeister's Motion to Dismiss on May 7, 2015, rather than amend, and again chose to file a Response to Defendants Talbots' Motion to Dismiss on July 17, 2015, rather than amend.

Defendants' arguments in the Response overlap significantly with the arguments offered in support of their respective Motions to Dismiss and appear to "place the cart before the horse." *General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting."). With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where Defendants' arguments are better suited for consideration in the

4

context of their Motions to Dismiss. *Cf. Fuller v. REGS, LLC*, No. 10–cv–01209–WJM–CBS, 2011 WL 1235688, at *3 (D. Colo. March 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

Furthermore, Defendants have not shown that Plaintiffs acted in bad faith or that the amendments would result in injustice. As to the argument of undue delay, Defendant Hofmeister filed his Motion to Dismiss two months before all Defendants were even served [*see* #19, #25, #36, #48, and #49] and three months before the court held a Scheduling Conference. [#66]. In the proposed Scheduling Order, Plaintiffs proposed July 31, 2015 for the deadline for joinder of parties and amendment of pleadings and Defendants Hofmeister and Talbot proposed 30 days after the ruling on the Motions to Dismiss. [#24, #60]. Because a number of Defendants had not been served and the Parties had not yet executed the form relating to consent under the Pilot Program for Direct Assignment to Magistrate Judges, the court converted the original May 7, 2015 Scheduling Conference to a status conference, and re-set the Scheduling Conference to July 2, 2015. [#29]. The court subsequently set August 17, 2015 as the deadline for joinder of parties and amendment of pleadings, which, occurring 45 days after the Scheduling Conference, is consistent with the District's form Civil Scheduling Order. [#65]. Under Defendants' proposal, the deadline for joinder of parties and amendment of pleadings would not yet have run.

Plaintiffs filed the instant Motion one month after they responded to Defendants Talbots' Motion to Dismiss. [*See* #67]. Significantly, the proposed amendments do not add new factual issues, and discovery in this matter does not close until January 8, 2016. Defendants argue that "[n]o discovery had (or still has) been conducted by the parties. No initial disclosures have been

5

exchanged." [#78 at 13]. It is unclear how the Parties' lack of discovery to date is at all related to any delay on the part of Plaintiffs to amend their Complaint, rather than an agreement by the Parties to delay the commencement of discovery.[2]  I find that undue delay is not present in these circumstances or that allowing the amendments would cause Defendants substantial prejudice.

Accordingly,  IT IS ORDERED that:

(1) Plaintiffs' Motion for Leave to File First Amended Complaint [#76] is **GRANTED**;

(2) The First Amended Complaint and Jury Demand tendered as [#76-1] is **ACCEPTED FOR FILING**;

(3) The Scheduling Order is hereby **AMENDED** to require the exchange of Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than **October 12, 2015**; and

(4) A further Status Conference in this matter is set for **October 15, 2015 at 11:30 a.m.** before the undersigned Magistrate Judge.

DATED: October 2, 2015                                  BY THE COURT:

                                                                               s/Nina Y. Wang
                                                                               United States Magistrate Judge

---

[2] In the proposed Scheduling Order, the Parties agreed that they would delay the exchange of their Rule 26(a)(1) disclosures and the commencement of discovery until the court issued a ruling on the motions to dismiss, and the court permitted the Parties to proceed in that manner. Given Defendants' apparent frustration that discovery has not commenced, the fact that no formal motion to stay was filed, and the upcoming deadline for discovery on January 8, 2016, the court reconsiders its Scheduling Order.