IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00494-PAB-NYW

JDK LLC, a Colorado limited liability company,
DEBORAH KOLASSA,
JERRY KOLASSA, and
S. MARK SPOONE,

    Plaintiffs,

v.

RONALD K. HODGE,
GREGG K. HODGE,
PAUL A. TALBOT,
FRANK O. HOFMEISTER,
JAMES E. SYLVESTER,
MAX 1 FINANCIAL LLC, a Colorado limited liability company, and
BROOKE TALBOT,

    Defendants.

## ORDER

This matter is before the Court on (1) the Motion for Default Judgment against James E. Sylvester [Docket No. 23] filed by plaintiffs JDK LLC, Deborah Kolassa, Jerry Kolassa, and S. Mark Spoone; and (2) the Unopposed Motion to Set Aside Entry of Default [Docket No. 57] filed by defendant Max 1 Financial LLC.

Plaintiffs initiated this lawsuit on March 9, 2015, bringing claims for relief against defendants related to plaintiffs' investment in defendants' technology used to collect and process payments electronically through kiosks and secure websites. *See generally* Docket No. 1. Certain defendants did not file timely responses to plaintiffs' complaint, and the Clerk of the Court entered default against defendant James E.

Sylvester on April 10, 2015, Docket No. 17, against defendants Gregg K. Hodge and Max 1 Financial LLC ("Max 1") on May 12, 2015, Docket No. 39, and against defendant Ronald K. Hodge on July 1, 2015. Docket No. 64. Max 1 moved to set aside the entry of default on June 24, 2015. Docket No. 57. On July 20, 2015, plaintiffs filed a stipulation that sought to vacate the clerk's entry of default against defendants Sylvester, Gregg K. Hodge, and Ronald K. Hodge. Docket No. 68. The Court struck the stipulation via minute order, noting that, pursuant to Fed. R. Civ. P. 55(c), the Court may only set aside the clerk's entry of default upon a showing of good cause. Docket No. 74.

On August 17, 2015, plaintiffs sought leave to file an amended complaint. Docket No. 76. Magistrate Judge Nina Y. Wang granted plaintiffs' motion for leave to file an amended complaint on October 2, 2015. Docket No. 79.

When plaintiffs' amended complaint was accepted as the operative pleading in this action, the original complaint became ineffectual. *Franklin v. Kansas Dep't of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect"). "Because [p]laintiff's original complaint no longer performs any function, a default based on the original complaint must also be rendered ineffectual and non-existent." *ThermoLife Int'l, LLC v. Sechel Holdings, Inc.*, 2015 WL 1521779, at *1-*2 (D. Ariz. Apr. 3, 2015) (citation and quotation omitted); see also *United States ex rel. SimplexGrinnell, LP v. Aegis Ins. Co.*, 2009 WL 577286, at *2 (M.D. Pa. Mar. 5, 2009) (setting aside clerk's entry of default and denying motion for default judgment as moot "because the original complaint upon which the motion for default judgment relied no longer exists");

*Saint-Gobain Autover USA, Inc. v. Foyao Glass Indus. Grp. Co., Ltd.*, 2005 WL 3454402, at *2 (E.D. Mich. Dec. 16, 2005) (setting aside default that was "entered on a Complaint which is now a nullity because it was later amended").[1]

Accordingly, it is

**ORDERED** that plaintiffs JDK LLC, Deborah Kolassa, Jerry Kolassa, and S. Mark Spoone's Motion for Default Judgment against James E. Sylvester [Docket No. 23] is **DENIED** as moot.  It is further

**ORDERED** that defendant Max1 Financial LLC's Unopposed Motion to Set Aside Entry of Default [Docket No. 57] is **GRANTED**.  It is further

**ORDERED** that the defaults against defendants Max1 Financial LLC, James E. Sylvester, Ronald K. Hodge, and Gregg K. Hodge [Docket Nos. 17, 39, 64] are **VACATED**.

DATED November 9, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Because plaintiffs' original complaint no longer has any legal effect, all defaults entered on that complaint are similarly nullified.  Thus, in addition to granting Max 1's motion, the Court will also vacate the defaults entered against defendants James E. Sylvester, Ronald K. Hodge, and Gregg K. Hodge.