IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00494-PAB-NYW

S. MARK SPOONE,

    Plaintiff,

v.

PAUL A. TALBOT,

    Defendant.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

    This civil action is before the court on Plaintiff's Motion to Reconsider 3/30/2016 Minute Order Denying Motion to Amend Scheduling Order and to Compel Deposition of Paul A. Talbot ("Motion for Reconsideration") [#129, filed April 6, 2016]. This matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated May 14, 2015 [#41], and the memorandum dated April 6, 2016.

    On March 17, 2016, the Parties (at that time) jointly moved to amend the Scheduling Order to re-set the discovery deadline for March 28, 2016. [#118]. On March 22, 2016, this court granted a joint motion to extend the discovery deadline to March 28, 2016. *See* [#123]. On the discovery deadline of March 28, Plaintiff S. Mark Spoone ("Plaintiff" or "Mr. Spoone") moved the court to modify the deadline once again to accommodate rescheduling the deposition of the single remaining defendant, Paul A. Talbot, which had been scheduled for March 23, 2016 and canceled due to inclement weather in Denver, Colorado. [#125]. In that Motion, Mr. Spoone's counsel indicated that he notified Defendant's counsel as of 7:21 p.m. on March 22, 2016 that he intended to continue the deposition of Mr. Talbot to another day, based on the snowfall predicted for the following day. [*Id.* at ¶ 7].

    Counsel for Mr. Talbot offered to make his client available for deposition on March 24, 2016 from 9-11 a.m. [*Id.* at ¶ 10]. Counsel for Mr. Spoone indicated that he was not prepared to proceed with Mr. Talbot's deposition on that day [*id.* at ¶ 11], despite the fact that he would have had to proceed with Mr. Talbot's deposition on March 23, 2016, but for the inclement weather. This court denied Mr. Spoone's Motion to Amend the Scheduling Order on March 30, 2016,

finding no good cause for the requested extension and finding that the filing of the motion was untimely.  *See* [#127].

Mr. Spoone now requests that this court reconsider its Order denying the Motion to Amend.  [#129].  Reconsideration of a non-final order, "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06–cv–00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this District have applied different standards on motions for reconsideration of non-final orders.  *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard).  Nonetheless, the prevailing approach demonstrates that courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See James v. Dunbar*, No. 09–cv–02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010).

Plaintiff's Motion for Reconsideration points to no new evidence or legal authority. Rather, it simply reinforces this court's previous determination that Plaintiff's counsel was not prepared to proceed with a deposition of Mr. Talbot, wholly apart from the inclement weather. In addition, counsel for Mr. Spoone then waited until the day of the close of discovery to request an extension of the applicable deadline—rather than immediately moving for relief on March 23 or 24.  Counsel were previously warned that the Practice Standards of the Honorable Philip A. Brimmer would be applied in this case, and such Practice Standards require that a motion for extension of time be filed no later than three business days prior to the applicable deadline. *See e.g.*, [#98, #99].  This court warned that any future failure to comply with Judge Brimmer's Practice Standards regarding requests for extension of time would be stricken *sua sponte* without substantive consideration. [#99]. As previously noted, Judge Brimmer's Practice Standards also clearly articulate that the following reasons do not constitute good cause to justify extensions of time: agreement of counsel, inconvenience to counsel or to the parties, the press of business, conflicts in scheduling, or practice as a sole practitioner.  PAB Practice Standards I.G.1.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Reconsider 3/30/2016 Minute Order Denying Motion to Amend Scheduling Order and to Compel Deposition of Paul A. Talbot [#129] is **DENIED**.

DATED: April 20, 2016